Angelo J. Genova, Esq.
GENOVA BURNS LLC
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
agenova@genovaburns.com
Attorneys for Defendants,
Alent plc and Enthone Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE CITY OF NEWARK, NEW JERSEY,<br><br>    Plaintiff,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND CO., HEUBACH GMBH, ALENT, PLC, ENTHONE, INC., AND JOHN DOES 1-10<br><br>    Defendants. | Case No.:_____<br><br>**NOTICE OF REMOVAL** |

TO:   Clerk of the Court
      United States District Court
      District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07101

      William Matsikoudis, Esq.
      Derek S. Fanciullo, Esq.
      Matsikoudis & Fanciullo, LLC
      270 Marin Boulevard
      Jersey City, New Jersey 07302
      Attorneys for Plaintiff
      City of Newark

**PLEASE TAKE NOTICE** that Defendants Alent plc ("Alent"), and Enthone Inc. ("Enthone") respectfully remove this case from the Superior Court of New Jersey, Law Division, Essex County ("State

Superior Court"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). In support of this removal, Alent and Enthone state as follows:

## THE ACTION

1. Plaintiff, the City of Newark ("Plaintiff" or "the City"), filed its complaint (the "Complaint") against Defendants E.I. du Pont de Nemours and Co. ("Du Pont"), Heubach GmbH ("Heubach"), Alent, Enthone, and John Does 1-10 (collectively, "Defendants"), on March 9, 2015. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint asserts causes of action for strict liability and negligence related to the Defendants' alleged environmental contamination of real property located at 256 Vanderpool Street in Newark, New Jersey (the "Property").

3. Defendants Alent and Enthone waived service of the Summons and Complaint on March 26, 2015, subject to their preservation of all defenses and objections to the Complaint, including jurisdictional defenses, that could be asserted by Alent or Enthone except for objections based on the absence of a summons or of service. True and accurate copies of the Waivers of Service of Summons, executed on behalf of Alent and Enthone, are attached

hereto as **Exhibit B**.[1]  No other process, pleadings, or orders have been served upon Alent or Enthone in this matter.

## STATUTORY GROUNDS FOR REMOVAL

4.  As explained in more detail below, this action is removable based on diversity jurisdiction.  This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(3) because this is a civil action: (i) wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (ii) between citizens of different States and in which citizens or subjects of a foreign state are additional parties.  For these reasons, this action is removable pursuant to 28 U.S.C. § 1441(a), which permits the removal of state court civil actions over which U.S. District Courts have original jurisdiction.

5.  Plaintiff alleges that it is a municipal corporation formed under the laws of New Jersey.  (See Ex. A ¶ 9.)  As a municipality located entirely within New Jersey, Plaintiff's principal place of business is in New Jersey.  Therefore, Plaintiff is a citizen of New Jersey.

6.  Defendant Alent is, both now and when the Complaint was filed, a corporation formed under the laws of the United Kingdom, and whose principal place of business is located in the United Kingdom.  Therefore, Alent is a citizen of the United Kingdom.

---

[1] Although both executed Waivers of Service of Summons were served on Plaintiff, only the waiver on behalf of Alent has been filed with the State Superior Court, to date.

7. Defendant Enthone is, both now and when the Complaint was filed, a corporation formed under the laws of Delaware, and whose principal place of business is in Connecticut. Therefore, Enthone is a citizen of Delaware and Connecticut.

8. Defendant Du Pont is, both now and when the Complaint was filed, a corporation formed under the laws of Delaware, and whose principal place of business is in Delaware. Therefore, Du Pont is a citizen of Delaware.

9. Defendant Heubach is, both now and when the Complaint was filed, a corporation formed under the laws of Germany, and whose principal place of business is in Germany. Therefore, Heubach is a citizen of Germany.

10. Under 28 U.S.C. § 1441(b)(1), the citizenship of Defendants John Does 1-10 is ignored for purposes of removal.

11. Thus, the diversity requirement of 28 U.S.C. § 1332(a)(3) is satisfied because Plaintiff and the Defendants are citizens of different states, and citizens of foreign states are additional parties to the action.

12. The Complaint attempts to recover damages based on Defendants' alleged contamination of, and alleged failure to remediate, the Property for over three decades. (See Ex. A ¶ 26.) These damages include, among other things, allegedly foregone tax revenue related to aborted attempts to develop the Property, and the Property's allegedly deleterious impact on the values and tax revenues of proximate properties. (See Ex. A ¶¶ 41-45.)

Plaintiff alleges that Defendants' conduct has "cost Newark tens of millions of dollars."  (See Ex. A ¶ 8.)  Further, Plaintiff seeks punitive damages.  (See Ex. A ¶¶ 46-49.)  Therefore, the value of the relief Plaintiff seeks will exceed $75,000.00, and the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

13.  This Notice of Removal has been filed within 30 days of accepting service of the Complaint.  See 28 U.S.C. § 1446(b)(1).

14.  Du Pont has been served with the Complaint and consents to this Notice of Removal.  Du Pont has manifested its consent by executing a Consent to Notice of Removal, a true and accurate copy of which is attached hereto as **Exhibit C**.

15.  Heubach has not been properly served with the Complaint to date.  Therefore, Heubach's consent to this Notice of Removal is not necessary.  See, e.g., Lewis v. Rego Co., 757 F.2d 66, at 68 (3d Cir. 1985) (finding that, when a non-resident defendant has not been served at the time a notice of removal is filed, "the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding.").

## NOTICE AND DISCLOSURES

16.  Pursuant to 28 U.S.C. § 1446(d), Alent and Enthone will give written notice of the removal to Plaintiff and to the Clerk of the State Superior Court.

17. Pursuant to Fed. R. Civ. P. 7.1, Alent's Disclosure Statement is attached hereto as **Exhibit D**, and Enthone's Disclosure Statement is attached hereto as **Exhibit E**.

18. A Civil Cover Sheet is attached hereto as **Exhibit F**.

### NO WAIVER

19. By filing this Notice of Removal, neither Alent nor Enthone waive any defenses available to them.


Respectfully submitted,


/s/ Angelo J. Genova
Angelo J. Genova
Genova Burns LLC
494 Broad Street
Newark, NJ 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
www.genovaburns.com

Dated: April 22, 2015